McCALEB, Justice
(dissenting).
On the facts found by the majority, I am unable to subscribe to the view that Judge O’Hara was not guilty of “gross misconduct” within the meaning of the Constitution and as the term is further defined and explained by this Court in Stanley v. Jones, 201 La. 549, 9 So.2d 678. O’Hara’s conduct assuredly cannot be characterized as a series of personal indiscretions of a private sort disassociated with his judicial office, nor can his acts be viewed simply as thoughtless improprieties violative only of the Canons of Judicial Ethics. Indeed, the Court itself finds his misconduct to be of a more reprehensible nature.
In speaking of the document which O’Hara endeavored to have Partin sign, the majority opinion observes:
“The testimony never reveals the exact nature of this document. We find it immaterial, however, whether the instrument was prepared as an affidavit or merely as the basis for obtaining oral statements from Partin. We do make the finding that O’Hara zvas fully aware of the contents of the instrument and of all the circumstances surrounding and the reasons for the meeting with Partin. *563 We find as a fact that O’Hara went to Baton Rouge to get information from Partin to overturn the conviction of Strate. We find that he also knew that his position as judge might be helpful in obtaining the information.’’ (Emphasis mine.)
And following a complete review of the evidence, the opinion further states:
“In summation, a fair conclusion to be reached from the facts presented by the record in this case is that Malcolm V. O’Hara associated with Strate knowing that he had been convicted in a federal district court of a felony; that he used his title of judge and the prestige of his office in an attempt to obtain evidence in order to set aside a conviction in a federal court, and that he accepted gifts and gratuities from Strate.’’ (Emphasis mine.)
Whenever a judge uses the title and prestige of his office “ * * * in an attempt to obtain evidence in order to set aside a conviction in a federal court * * * ”, or in any other court for that matter, and accepts gifts and gratuities from one who would be benefited by the overturning of the conviction, he is guilty of gross misconduct in my estimation. For these acts, to paraphrase from Stanley v. Jones, supra, reflect such serious defects in his character as to render him utterly unfit to perform the delicate and important functions of the office he holds, and constitutes such conduct as to cause others to question his character and morals, and the people to lose respect for him as a man and respect for the court over which he presides as well.
I respectfully dissent.
HAMITER and McCALEB, JJ., are of the opinion that a rehearing should be granted.